IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | |
| JASON BECK, CLINTON MARTIN, individually, and as officers, directors, shareholders and/or principals of 3 Owners Enterprise, Inc.; 3 OWNERS ENTERPRISE, INC. d/b/a SURREAL AT SURREY, | * | 1:15-cv-80 |
| Defendants. | * | |

## ORDER

This case comes before the Court on Plaintiff's motion for default judgment. For the reasons discussed below, the Court **GRANTS IN PART** Plaintiff's motion.

### I. PROCEDURAL BACKGROUND

Plaintiff filed this suit against Defendants Jason Beck, Clinton Martin, Matthew G. Widener, and 3 Owners Enterprise, Inc. d/b/a Surreal at Surrey ("Surreal"). The suit alleges that Defendants violated either 47 U.S.C. § 553 or § 605 by showing *UFC 163: Aldo versus Korean Zombie* ("the Program") at Surreal on August 3, 2013. (Compl., Doc. 1.)

Widener answered, subsequently settled, and was dismissed from this case. (Docs. 13, 21, 26.) Beck, Martin, and Surreal never filed responsive pleadings. Upon Plaintiff's motion, the clerk entered default against Martin on July 16, 2015 and against Beck and Surreal on July 27, 2015. (Docs. 16, 18.) Plaintiff then filed the present motion for entry of default judgment against Beck, Martin, and Surreal. (Doc. 22.) During the pendency of this motion, Plaintiff notified the Court of its settlement with Beck. (Doc. 24.) Below, the Court considers Plaintiff's motion against Martin and Surreal.

## II. ANALYSIS

### A. Requirements for Default Judgment

Federal Rule of Civil Procedure 55(b) governs the Court's ability to grant a default judgment and vests the court with discretion to determine whether it should enter judgment. Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). "[A] Defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A defendant, by his default, is only

---

[1] In Bonner v. City of Prichard, 661 F.3d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the former Fifth Circuit's decisions prior to October 1, 1981.

deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. Three distinct matters are essential for the entry of default judgment: (1) jurisdiction; (2) liability; and (3) damages. Pitts, 321 F. Supp. 2d at 1356.

On the jurisdictional element, the Court has subject-matter jurisdiction under 28 U.S.C. § 1331. According to the Complaint, Martin is a resident of Georgia and Surreal's principal place of business is in Augusta, Georgia. Accordingly, this Court has personal jurisdiction over Martin and Surreal.

The Court discusses the remaining issues of liability and damages below.

**B. Liability under 47 U.S.C. § 605**

When Plaintiff filed its Complaint, it could not determine what method Defendants used to intercept the Program. Accordingly, the Complaint alternatively "alleged claims under both 47 U.S.C. § 605, for interceptions via satellite transmissions, and 47 U.S.C. § 553, for interceptions, by way of cable systems." Joe Hand Promotions, Inc. v. Blanchard, No. 4:09-cv-100, 2010 WL 1838067, at *2 (S.D. Ga. May 3, 2010). Plaintiff, however, may only recover under one of those sections. Id. "In this circumstance, the Court elects to give Plaintiff the benefit of the doubt and not fault it for failing to plead the particular manner of interception since this may be

exclusively in Defendants' knowledge." Id. (alteration omitted). The Court will, therefore, examine Martin and Surreal's liability under § 605.

Under the default judgment standard, the Court must assess whether the alleged facts state a claim for liability under § 605. For purposes of liability, the Court will consider the factual allegations contained in the Complaint, which, by not appearing, Defendants are deemed to have admitted. Nishimatsu Constr. Co., 515 F.2d at 1206.

"To establish a violation of § 605, a plaintiff 'must establish that (1) the Defendants intercepted the program, (2) Defendants did not pay for the right to receive the transmission, and (3) Defendants displayed the program to patrons of their commercial establishment.'" Joe Hand Promotions, Inc. v. Neal, No. 14-cv-348-KD-C, 2015 WL 4039076 (S.D. Ala. July 2, 2015) (quoting Zuffa, LLC v. Al-Shaikh, No. 10-cv-00085-KD-C, 2011 WL 1539878, at *4 (S.D. Ala. April 21, 2011)).

Additionally, to hold Martin individually liable for showing the Program at Surreal, Plaintiff must also establish that he had the "right and ability to supervise the violations, and that he had a strong financial interest in such activities." Joe Hand Promotions, Inc. v. Blanchard, No. 4:09-cv-100, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010)(quoting J & J Sports

4

Prods., Inc. v. Arboleda, No. 6:09-cv-467, 2009 WL 3490859, at *5 (M.D. Fla. Oct. 27, 2009)).

The admitted facts establish the following: Plaintiff possessed the right to distribute the Program via closed circuit television and encrypted satellite signal to commercial establishments. (Compl. ¶ 13.) Plaintiff distributed the Program to cable and satellite television providers via a satellite signal. (Id.) These providers, however, are not the relevant sub-licensees. Instead, they are a means of distribution to eventual sub-licensees. The actual sub-licensees were "various entities in the State of Georgia" to whom Plaintiff granted the right to show the Program publicly. (Id. ¶ 14.)

Martin is an owner, officer, director, or shareholder of Surreal, located in Augusta, Georgia and possessed "supervisory capacity and control over the activities occurring within [Surreal] on August 3, 2013." (Id. ¶¶ 6-8.) Martin or his agent or employee showed the Program at Surreal on August 3 without Plaintiff's authorization. (Id. ¶¶ 16-17.)

Martin and Surreal are therefore liable under 47 U.S.C. § 605 for displaying the Program at Surreal without authorization. The Court **GRANTS** Plaintiff's motion for default judgment as to liability.

5

## C. Damages under 47 U.S.C. § 605

Section 605 permits either actual or statutory damages, at the Plaintiff's election. 47 U.S.C. § 605(e)(3)(C)(i). In this case, Plaintiff elected to pursue statutory damages. (Compl. ¶ 22.) With respect to statutory damages, 47 U.S.C. § 605(e)(3)(C)(i)(II) provides a minimum award of $1,000 and a maximum of $10,000 for each violation of § 605(a). Additionally, if the Court finds that a "violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages" up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). But "where 'the violator was not aware and had no reason to believe that his acts constituted a violation' of this statute, an award of damages may be reduced 'to a sum of not less than $250.'" Joe Hand Promotions, Inc. v. Zani, No. 11 C 4319, 2013 WL 5526524, at *3 n.2 (N.D. Ill. Oct. 7, 2013) (quoting 47 U.S.C. § 605(e)(3)(C)(iii)). Reasonable attorneys' fees are also available under § 605(e)(3)(B)(iii).

Plaintiff seeks the maximum amounts of $10,000 in statutory damages, $100,000 in enhanced damages, and attorneys' fees. (Compl. ¶ 21.) The Court finds that, in this case, damages are "for a sum which can by computation be made certain" without the need for a hearing. Fed. R. Civ. P. 55(b)(1); see Tara Prods., Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 911-12 (11th Cir. 2011).

6

### 1. Statutory Damages

Plaintiff argues that Defendants' conduct warrants the statutory maximum of $10,000 in damages. In support, Plaintiff cites district courts that have employed a multi-factor analysis to determine the appropriate statutory damages award. (Doc. 22-2 at 8 (citing, e.g., Universal Sports Networks, Inc. v. Jimenez, No. C-02-2768-SC, 2002 WL 31109707, at *2 (N.D. Cal. Sept. 18, 2002))). In fashioning a statutory damages award, these courts have considered many factors including whether the defendant is a repeat offender and the extent of the financial gain. E.g., Jimenez, 2002 WL 31109707, at *2. Plaintiff urges the Court to adopt this framework and to make deterrence a central factor in its analysis. (Doc. 22-2 at 8.)

But "other courts—particularly those within the Eleventh Circuit—have ordered defendants to pay, as statutory damages, the amount of the license fee that they would have been charged if they had actually been authorized to show the program." Joe Hand Promotions, Inc. v. Blanchard, No. 4:09-cv-100, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010). The Court finds that the approach taken by district courts in the Eleventh Circuit is appropriate in this case.

According to Joe Hand, Jr., Plaintiff's president, Plaintiff used a rate card to determine the licensing fee for the Program by reference to the licensed establishment's maximum occupancy. (Doc. 22-2 Ex. 1.) Additionally, Edward McKnight,

7

Plaintiff's investigator, estimated that Surreal has a maximum capacity of 250-300 persons. (Doc. 22-2 at 16.) The rate card indicates that establishments with a maximum occupancy of 250-300 persons were charged $1,800 to show the Program. (Doc. 22-2, ¶ 8; Doc. 22-2, Ex. 1.) The Court, therefore, awards $1,800 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II).

### 2. Enhanced Damages

Plaintiff also seeks the statutory maximum of $100,000 in enhanced damages. Enhanced damages are available when the violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Many courts look to factors relating to the commercial advantage or financial gain realized by defendants to determine whether such a violation occurred. See, e.g., J & J Sports Prods., Inc. v. Kraynak, No. 10-cv-2486, 2013 WL 228962, at *5 (M.D. Pa. Jan. 22, 2013 (noting courts consider "the number of televisions broadcasting the event, the existence of a cover charge, sale of food or drink, advertisement of the event in the defendants' bar, and a demonstration that defendants made more money or conducted additional business by illegally broadcasting the event").

Plaintiff, however, argues that such a test is "largely illogical and inconsistent with the very nature of the infringing activity," because "[c]ommercial signal pirates are looking to avoid, not attract, detection for their unlawful

acts . . . ." (Doc. 22, Ex. 2 at 10.) For this reason, Plaintiff argues that this Court should follow other courts that award enhanced damages for the act of interception and not the promotion of the event.

Plaintiff's preferred test all but reads "for purposes of direct or indirect commercial advantage or private financial gain" out of the statute. 47 U.S.C. § 605(e)(3)(C)(ii); see J & J Sports Prods., Inc. v. Bolano, No. 5:14-cv-03939-BLF, 2015 WL 4512322, at *4 (N.D. Cal. July 24, 2015) (noting the conjunctive nature of the statute). For this reason, the Court finds that a multi-factor analysis of the commercial purposes is the proper inquiry. See Kraynak, 2013 WL 228962, at *5.

Plaintiff argues that Defendants are deemed to have admitted that they showed the Program "willfully and for purposes of direct or indirect commercial advantage or private financial gain." (Compl. ¶ 16.) Bare recitals of a claim's elements, however, are not well-pleaded factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Accordingly, Defendants have not admitted the Complaint's allegation that Defendants showed the Program willfully. The Complaint also alternatively pleads multiple methods Defendants may have used to obtain access to the Program (id. ¶ 17), but without the specificity necessary to show a willful violation. Moreover, Plaintiff's Complaint contains no allegations concerning how Defendant advertised or otherwise promoted the Program.

9

Accordingly, this case lacks the additional evidence necessary to award enhanced damages. See Bolano, 2015 WL 4512322, at *4; Joe Hand Promotions, Inc. v. Plummer, No. 3:14-cv-00001, 2014 WL 3749148, at *3 (N.D. Miss. July 29, 2014); Joe Hand Promotions, Inc. v. Becchetti, No. 12-cv-1242, 2013 WL 4520638, at *5 (M.D. Pa. Aug. 26, 2013). Without that evidence, the Court finds that Defendant's conduct does not constitute a violation of 47 U.S.C. § 605(e)(3)(C)(i)(11). The Court, therefore, **DENIES** Plaintiff's request for enhanced damages.

### 3. Attorneys' Fees

In addition to damages, Plaintiff seeks to recover reasonable attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii). (Doc. 22 at 5-7; Decl. of Ronald D. Reemsnyder, Doc. 22-1.) Plaintiff's counsel provides evidence of the 6.7 hours he expended litigating this case, resulting in $2,152.50 in attorneys' fees. (Doc. 22 at 5-7.) Plaintiff provided no evidence regarding costs. The Court has reviewed the evidence and finds the fees reasonable in this case; therefore, the Court awards attorneys' fees of $2,152,50.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**. In particular, the Court **GRANTS** Plaintiff's motion for default judgment against Martin and Surreal. The Court **GRANTS** Plaintiff's request for

statutory damages of $1,800.00 and attorneys' fees of $2,152.50. The Court **DENIES** Plaintiff's request for enhanced damages. Accordingly, the Court awards Plaintiff a total of $3,952.00. The Court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** in favor of Plaintiff and against Defendants Martin and 3 Owners Enterprise, Inc. d/b/a Surreal at Surrey. Plaintiff's claims against Defendant Beck will remain pending.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of May 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA